UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEXAS STAR INVESTMENTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-290 |
| | § | |
| FLEETCOR TECHNOLOGIES | § | |
| OPERATING COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO REMAND

Plaintiff, Texas Star Investments, Inc. (Texas Star) sued Fleetcor Technologies Operating Company, LLC (Fleetcor) in the County Court at Law of Nueces County, Texas, regarding Fleetcor's alleged collection of commissions not owed by Texas Star. Fleetcor removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The citizenship of the parties is not contested and supports the citizenship requirement of diversity jurisdiction. Before the Court is Texas Star's Motion to Remand (D.E. 3), challenging the amount in controversy requirement.

Texas Star maintains that it has pled a request for monetary relief only in the amount of $42,583.09 (D.E. 1-3, p. 2), which is well below the $75,000 amount in controversy required to sustain diversity jurisdiction. While there is a statement that the amount sought is below $100,000.00 in the pleading, Texas Star explains that this is only a categorical pleading pursuant to Texas pleading rules, Tex. R. Civ. P. 169, and is not a representation of the actual amount sought.

Fleetcor relies not only on the categorical pleading, but on Texas Star's requests for relief in addition to the stated amount of $42,583.09, which include the following:

- "loss of profits from the converted property" (D.E. 1-3, p. 3, ¶ 15);
- "actual and exemplary damages" for breach of fiduciary duty (*id*., p. 4, ¶ 19);
- "accounting in order to determine the exact scope and amount of Plaintiff's monetary interest, and the extent, if any, of Defendant's misappropriation thereof . . . to determine the exact amount of all proceeds in the possession of the Defendant that rightfully belong to Plaintiff" (*id*., ¶ 23);
- "the costs of the auditor" (*id*., p. 6, ¶ 25); and
- "reasonable and necessary attorney's fees incurred in the trial and ultimate disposition of this case, including all reasonable and necessary attorney's fees incurred on appeal" (id, ¶ 30).

*See generally*, D.E. 1.

Texas Star's motion does not deny that it requests this relief in addition to the $42,583.09 amount in commissions that it has identified. Neither does it deny that the law makes such monetary relief available if the evidence supports it. "[A]ttorney's fees may be included in determining the jurisdictional amount." *Foret v. Southern Farm Bureau Life Ins. Co*., 918 F.2d 534, 536 (5th Cir. 1990). When punitive damages have been pled, they can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable. *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D. Miss. 1988) (citing *Bell v. Preferred Life Assurance Soc'y*, 320

U.S. 238, (1943)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

So the question for the Court is whether it is facially apparent that the claims are more likely than not above the jurisdictional threshold. *See, Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (test is "more likely than not"); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (courts may evaluate the amount in controversy based on what is "facially apparent" from the pleading). In other words, would lost profits, exemplary damages, the cost of an auditor, and attorney's fees at trial and appeal add up to an amount exceeding $32,416.91 where the actual damages pled for the wrongfully charged commissions is $42,583.09? The Fifth Circuit has previously held that, where the actual damages pled were roughly half of the amount in controversy required for diversity jurisdiction, requests for punitive damages and attorney's fees made it facially apparent that the jurisdictional amount was met. *Wavro v. National General Ins. Co.*, No. 97-20644, 1998 WL 30073, *1 (5th Cir. Jan. 13, 1998).

The Court agrees with Fleetcor's evaluation of the pleading—that damages in the jurisdictional amount are facially apparent. D.E. 1. Quite telling, Texas Star fails to provide any binding representation that it seeks monetary relief not exceeding $75,000. Accordingly, the Court DENIES the Motion to Remand (D.E. 3).

ORDERED this 23rd day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE